# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1586V

|  |  |
|---|---|
| SANDRA MEHL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2025 |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 25, 2022, Sandra Mehl filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from a tetanus diphtheria acellular pertussis vaccine received on June 10, 2020. Petition, ECF No. 1. On December 9, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,255.29 (representing $26,339.80 in fees plus $915.49 in costs). Application for Attorneys' Fees and Costs ("Motion") filed December 30, 2024. ECF No. 40. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 3.

Respondent reacted to the motion on December 30, 2024, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 41. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Jonathan Svitak, Patrick Anderson, Craig Donnelly, and their supporting paralegals through the end of 2024 are reasonable and consistent with our prior determinations and shall therefore be adopted herein. Petitioner has also requested that I apply the hourly rate of $491.00 for time billed by attorney Kimberly McCarter.

Ms. McCarter was admitted to the Illinois Bar in 1988 and admitted to this Court in 2022 (ECF No. 40-5), placing her in the Fee Schedules range of attorneys with 31+ years of experience.[3] I incorporate by reference all of the explanatory notes contained in these rate schedules.

The proposed rate falls within OSM's Fee Schedules relevant to Ms. McCarter's experience, albeit on the higher end of the Fee Schedules – despite her lack of significant experience representing Petitioners in the Vaccine Program. But prior experience with Program cases is relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find the rate of $475 to be more appropriate for time billed by Ms. McCarter in the 2021-25 timeframe.** Ms. McCarter will be entitled to rate increases in the future, however, as she demonstrates more experience representing Petitioners in the Vaccine Program. **Application of the foregoing reduces the amount of fees to be awarded herein by $28.80.**[4]

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as follows: ($491 – $475 = $16 x 1.80 hrs.) = $28.80.

3

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 40-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $27,226.49 (representing $26,311.00 in fees plus $915.49 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.